**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS EDWARD GURK,

        Petitioner,

                              CIVIL NO. 2:06-CV-15387
v.                                  HONORABLE PAUL D. BORMAN
                                  UNITED STATES DISTRICT COURT
JERI-ANN SHERRY,

        Respondent.
_____/

**ORDER COMPELLING ANSWER ADDRESSING HABEAS PETITION ON THE
MERITS AND THE PRODUCTION OF THE RULE 5 MATERIALS**

Thomas Edward Gurk, ("Petitioner"), presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for second-degree criminal sexual conduct. Respondent has filed an answer to the petition for writ of habeas corpus, which is construed as a motion to dismiss the petition on the ground that petitioner has failed to exhaust his claims with the state courts. *See e.g. Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999). Respondent, however, has failed to address the merits of petitioner's claims. Petitioner has not responded to respondent's answer. However, having reviewed the pleadings and the issues raised by petitioner in his habeas application, the Court finds that an answer addressing the merits of the petition is necessary for the proper adjudication of this matter.

A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed what amounts to a motion to dismiss without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas

1

petition. *Id.* at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996)(a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition). Therefore, unless a federal court grants a respondent leave to file a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

In the present case, it is unclear whether petitioner's claims have been properly exhausted with the state courts. Compounding the difficulty of resolving the exhaustion question is the fact that respondent has failed to file the Rule 5 materials in this case, even though she was ordered to do so twice by this Court, first in the Order of Responsive Pleadings signed on December 7, 2006, and again in a Second Order Compelling Production of the State Court Record, signed on July 12, 2007.

This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. In light of the time that has passed in this case, the Court will order that a supplemental answer be filed within forty five days of the Court's order which addresses the substance of petitioner's claims.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the

2

relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

Accordingly, the Court **ORDERS** Respondent to submit an answer which addresses the merits of Petitioner's habeas claims within **45 DAYS** of the date of this order. Respondent is further ordered to file the entire state record with the Court at the time that it files its answer. Respondent is again free to respond to any of the issues raised by the Court in this opinion regarding the exhaustion issue. Petitioner shall then have **45 DAYS** in which to file any reply to Respondent's supplemental pleading.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: September 7, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 7, 2007.

        s/Denise Goodine  
        Case Manager