**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS EDWARD GURK,

      Petitioner,

                               CIVIL NO. 2:06-CV-15387
v.                            HONORABLE PAUL D. BORMAN
                               UNITED STATES DISTRICT COURT

JERI-ANN SHERRY,

      Respondent.

_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS**
**CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL**
**IN FORMA PAUPERIS**

Thomas Edward Gurk, ("Petitioner"), presently incarcerated at the Ionia Maximum

Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for five counts of second-

degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a).  For the reasons stated below, the

application for a writ of habeas corpus is DISMISSED WITH PREJUDICE**.**

**I.  Background**

Petitioner was originally charged with five counts of first-degree criminal sexual

conduct.  Following a bench trial in the Wayne County Circuit Court, petitioner was found guilty

of five counts of the lesser included offense of second-degree criminal sexual conduct.

Petitioner's conviction was affirmed on appeal. *People v. Gurk,* No. 257339 (Mich.Ct.App.

February 16, 2006); *lv. den.* 477 Mich. 883; 722 N.W. 2d 213 (2006)(Corrigan, J.,

concurring)(Cavanagh, J. would grant leave to appeal)(Kelly, J., dissenting).

Petitioner has now filed a writ of habeas corpus, in which he challenges the constitutional

adequacy of the criminal information filed in this case, on the ground that the lack of specificity of the criminal sexual conduct charges contained in the information violate his due process rights. [1]

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent contends that petitioner's claims are procedurally defaulted because petitioner failed to object to the criminal information in the trial court, even though petitioner's counsel did lodge an objection to the information at the preliminary examination.

The Michigan Court of Appeals reviewed petitioner's unpreserved claims for plain error and finding none, affirmed his conviction. *Gurk,* No. 257339, Slip. Op. at * 1-2. Although a majority of the Michigan Supreme Court denied petitioner leave to appeal in a standard form order, Justice Corrigan in her concurrence noted that petitioner made no motion in circuit court to challenge the specificity of the criminal charges contained in the information, therefore, the Michigan Court of Appeals' plain error review of petitioner's claims was proper. *Gurk,* 477 Mich. at 883-84.

---

[1] Although unclear, it appears that petitioner may also be challenging the determination by the majority of the Michigan Supreme Court Justices that they were not persuaded that there should be further appellate review of petitioner's claims by that court. There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980). Where a habeas petitioner alleges a denial of his or her right to appeal a state criminal conviction, he or she is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984), Thus, to the extent that petitioner is challenging the Michigan Supreme Court's refusal to grant leave to appeal, he would not be entitled to habeas relief on any such claim. In any event, petitioner's conviction was reviewed by the Michigan Court of Appeals on his appeal of right. The Due Process Clause of the federal constitution "does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction." *Abdullah v. Hedrick,* 392 F. 3d 957, 963 (8th Cir. 2004); *See also United States v. Rivera,* 376 F. 3d 86, 92 (2nd Cir. 2004)("A defendant has no due process right to continue to challenge his conviction in perpetuity").

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Williams v. Coyle,* 260 F. 3d 684, 693 (6th Cir. 2001). In addition, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729-30.

In the present case, the Michigan Court of Appeals reviewed petitioner's challenges to the sufficiency of the information filed in this case for plain error, because petitioner had failed

to object to the sufficiency of the information in the circuit court.  A number of Michigan

appellate court cases have held that defects in the information filed in a criminal case must be

objected to at the trial court level in order to be preserved for appellate review. *See People v.*

*Wilkins,* 134 Mich. App. 39, 46-47; 349 N.W. 2d 815 (1984)(where defendant made no objection

at trial to the information or to the prosecutor's amendment of the information, defendant had

not preserved for review issue whether he was denied adequate notice of charge of first-degree

criminal sexual conduct on the ground that victim was unable to testify to the exact date of the

offense); *People v. Bowyer,* 108 Mich. App. 517, 523; 310 N.W.2d 445 (1981)(defendant's

allegation that the criminal information filed denied his right to notice was not preserved for

review where no objection was raised during trial); *People v. Sesi,* 101 Mich. App. 256, 261; 300

N.W. 2d 535 (1980)(defendants, who failed to challenge information charging them with

perjury-related offenses at trial, could not challenge information for first time on appeal from

their convictions); *People v. Zinn,* 63 Mich. App. 204, 210-11; 234 N.W. 2d 452 (1975)(where

objections to lack of specificity as to time of crime, in sodomy information were not made in

trial court, they could not be raised for first time on appeal, because "[T]he trial court had no

opportunity to even consider whether error was in fact present.").  Moreover, the mere fact that

petitioner's counsel objected to the lack of specificity of the charges at the preliminary

examination when opposing the prosecutor's motion for bindover would be insufficient to

preserve the issue for appellate review, where petitioner failed to renew an objection to the

inadequacy of the information at the trial court level. *See People v. Jones*, 75 Mich. App. 261,

268; 254 N.W. 2d 863 (1977); *See also People v. Leverette,* 112 Mich. App. 142, 146, n. 1; 315

N.W. 2d 876 (1982).  Finally, the Michigan Court of Appeals clearly found that petitioner's

claims were unpreserved, in spite of his objection to the specificity of the criminal charges at the preliminary examination, because of his failure to object to the constitutional adequacy of the criminal information at the trial court level. Petitioner, in fact, has not disputed that his claims were reviewed solely for plain error by the Michigan Court of Appeals in light of his failure to properly preserve the claims in the proper manner.

Moreover, the fact that the Michigan Court of Appeals engaged in plain error review of petitioner's challenges to the constitutional adequacy of the criminal information filed against him does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). The fact that petitioner is raising a federal constitutional claim does not alter this Court's analysis. Indeed, the Sixth Circuit has held that even a state court's plain error review of federal constitutional claims, as opposed to mere state law claims, is sufficient to constitute a procedural default of a such claims. *See Girts v. Yanai,* 501 F. 3d 743, 755 (6th Cir. 2007). Moreover, the Sixth Circuit has held that claims which involve challenges to the constitutional sufficiency of an indictment or criminal information can be procedurally defaulted if the petitioner fails to properly preserve the claim in the state courts. *See Biros v. Bagley,* 422 F. 3d 379, 387 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F. 3d 412, 418 (6th Cir. 1999). Thus, this Court should view the Michigan Court of Appeals' review of petitioner's claims for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Finally, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claims does not mean that the claims were not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed

views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's claims are procedurally defaulted.

In the present case, petitioner has offered no reasons for his failure to preserve his claims in the state courts. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

The Court will therefore deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

In the present case, because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001).  Accordingly, the Court will deny petitioner a certificate of appealability.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## III.     CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 4, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 4, 2008.

s/Denise Goodine
Case Manager